Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

---

April 04, 2008

**Appeal Number: 07-12336-AA**
Case Style: USA v. Demetrius J. Hawkins
District Court Number:  06-00012 CR-N

TO:   Debra P. Hackett

CC:   Paul R. Cooper

CC:   Alan S. Clarke

CC:   Kent B. Brunson

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 04, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-12336-AA**
Case Style: USA v. Demetrius J. Hawkins
District Court Number: 06-00012 CR-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
　　Original Exhibits, consisting of: Two Sealed Envelopes and Two psi's
　　Original record on appeal or review, consisting of: Ten Volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

　　　　　　　　　　Sincerely,

　　　　　　　　　　THOMAS K. KAHN, Clerk

　　　　　　　　　　Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-12336

District Court Docket No.
06-00012-CR-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Mar 6, 2008
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

DEMETRIUS J. HAWKINS,
TERRENCE CORNELIUS,

        Defendants-Appellants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---
Appeal from the United States District Court
for the Middle District of Alabama
---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:  March 6, 2008
For the Court:  Thomas K. Kahn, Clerk
By:  Jackson, Jarvis



ISSUED AS MANDATE
APR 0 4 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK
```

No. 07-12336
Non-Argument Calendar

D. C. Docket No. 06-00012-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS J. HAWKINS,
TERRENCE CORNELIUS,

Defendants-Appellants.

Appeals from the United States District Court
for the Middle District of Alabama

**(March 6, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Demetrius J. Hawkins and Terrence Cornelius, through counsel, appeal their convictions for conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 846. On appeal, we consider (1) whether the district court erroneously failed to grant Cornelius's motion to suppress his confession on the ground that the government failed to establish that he had waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); (2) whether the district court abused its discretion and violated Hawkins's Sixth Amendment right to confrontation by refusing to permit continued cross-examination of a trial witness; (3) whether sufficient evidence supported Cornelius's conviction; and (4) whether Hawkins's ineffective assistance claim is cognizable on direct appeal.

## I.

Cornelius argues that the district court admitted a statement he made to federal agents in violation of his Fifth Amendment right against self-incrimination. "We apply a mixed standard of review to the denial of a defendant's motion to suppress, reviewing the district court's findings of fact for clear error and its application of law to those facts *de novo*." *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). Moreover, "all facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256,

1262 (11th Cir. 2000).

When a suppression issue is raised for the first time on appeal, we have either declined to consider the issue, *see United States v. Cooper*, 203 F.3d 1279, 1284 n.2 (11th Cir. 2000), or have reviewed the issue for plain error, *see United States v. Young*, 350 F.3d 1302, 1305 (11th Cir. 2003). We will, in our discretion, correct plain error where there is (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006) (per curiam). The burden of proving prejudice rests with the non-objecting defendant. *See United States v. Olano*, 507 U.S. 725, 735, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993).

An accused has effectively waived his *Miranda* rights if he: (1) voluntarily relinquished them as the product of a free and deliberate choice, rather than through intimidation, coercion, or deception; and (2) made his decision with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995). A waiver is effective where the "totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension. . . ." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141,

89 L. Ed. 2d 410 (1986) (internal quotation marks omitted). Accordingly, "an express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 1757, 60 L. Ed. 2d 286 (1979).

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error. Although Cornelius contends that no evidence was presented at the suppression hearing that he was *Mirandized*, it was not an issue at the hearing and is not grounds for reversing on appeal. Even under plain error review, we conclude that Cornelius's substantial rights were not affected. *See Young*, 350 F.3d at 1305. The evidence showed that he was advised of his rights post-arrest and chose to make statements. Furthermore, sufficient evidence supported his conviction even without his confession.

## II.

Hawkins asserts that the district court's improper limitation of the cross-examination of co-defendant Troy Williams prevented the jury from accurately judging Williams's veracity, specifically concerning his criminal history. Williams had prior convictions and was indicted as a conspirator, but he denied knowing Cornelius or Hawkins.

A district court has discretionary authority to limit cross-examination, and review is for an abuse of discretion. *United States v. Burke*, 738 F.2d 1225, 1227 (11th Cir. 1984). Evidentiary objections that were not timely raised at trial are reviewed for plain error. *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007).

In reviewing issues under Federal Rule of Evidence 403, we view the evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* at 1344 n.8 (internal quotation marks omitted).

> For the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

Fed. R. Evid. 609. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by, inter alia, considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Nevertheless, "Rule 403 is an extraordinary remedy, which should be used only

sparingly, and the balance should be struck in favor of admissibility." *Edouard*, 485 F.3d at 1344 n.8 (internal quotation marks and brackets omitted).

Because only Cornelius's counsel objected to the limits placed on the cross-examination of co-defendant Williams, Hawkins raises this issue for the first time on appeal and review is for plain error. *See Edouard*, 485 F.3d at 1343. Williams's criminal record was analyzed during direct examination. Thus, to the extent that Hawkins argues that he had specific questions to ask Williams that had not been asked previously, the district court did not plainly err because Williams's criminal history had been sufficiently elicited. Accordingly, the district court did not abuse its discretion when it refused to permit continued cross-examination at trial regarding Williams's criminal record.

### III.

Hawkins contends that the district court's refusal to admit the nature and number of Williams's convictions violated his Sixth Amendment right to confrontation. Constitutional objections that are not timely raised, including Confrontation Clause objections, are reviewed only for plain error. *Arbolaez*, 450 F.3d at 1291. Although a district court has discretionary authority to limit cross-examination, it must permit sufficient cross-examination to satisfy the Sixth Amendment's Confrontation Clause. *Burke*, 738 F.2d at 1227. The Confrontation

Clause is satisfied once sufficient information is elicited from a witness and the jury "can adequately gauge the witnesses' credibility." *Id.* at 1227.

Because Hawkins did not raise a Confrontation Clause objection below, review of this claim is for plain error as well. *Arbolaez*, 450 F.3d at 1291. The number and nature of Williams's past crimes were elicited during direct examination, Cornelius's counsel was permitted to cross-examine Williams, and Hawkins has not specified how the absence of any additional information affected his substantial rights. We thus conclude that Williams was sufficiently cross-examined regarding his criminal history to enable the jury to adequately gauge his credibility. Accordingly, Hawkins's Sixth Amendment right to confrontation was not violated.

## IV.

Cornelius argues that the evidence was insufficient to support his conviction. We review challenges to the sufficiency of the evidence in criminal cases de novo, viewing the evidence in the light most favorable to the government. *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000).

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R.

7

Crim. P. 29(a). The relevant question in reviewing the denial of a motion for acquittal "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir.), *cert. denied*, 127 S. Ct. 615, 166 L. Ed. 2d 456 (2006). Credibility determinations are the sole province of the jury and we may not revisit that question. *Chastain*, 198 F.3d at 1351.

In order to sustain Cornelius's conspiracy conviction under 21 U.S.C. §§ 841 and 846, the government must have offered sufficient evidence to prove beyond a reasonable doubt that: (1) an illegal agreement existed to possess with intent to distribute a controlled substance – here, identified as marijuana in the indictment; (2) Cornelius knew of the agreement; and (3) Cornelius knowingly and voluntarily joined the agreement. *See United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) (per curiam). Although the government was not required to

8

prove that Cornelius knew every detail or participated in every stage of the conspiracy, it must have established that he "knew the essential nature of the conspiracy." *Id.* (internal quotation marks omitted). The government was not required to prove an overt act in furtherance of the 21 U.S.C. § 846 conspiracy. *United States v. Baker*, 432 F.3d 1189, 1200 n.3 (11th Cir. 2005).

"The existence of an agreement may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005) (internal quotation marks omitted). In fact, an entire "[c]onspiracy may be proven by circumstantial evidence and the extent of participation in the conspiracy or extent of knowledge of details in the conspiracy does not matter if the proof shows the defendant knew the essential objective of the conspiracy." *United States v. Gupta*, 463 F.3d 1182, 1194 (11th Cir. 2006) (internal quotation marks omitted), *cert. denied*, 127 S. Ct. 2446, 167 L. Ed. 2d 1132 (2007). Furthermore, the government is not required to "prove that each conspirator agreed with every other conspirator, knew of his fellow conspirators, was aware of all of the details of the conspiracy, or contemplated participating in the same crime." *United States v. Browne*, 505 F.3d 1229, 1274 (11th Cir. 2007).

Sufficient evidence supported Cornelius's conviction. The evidence

presented at trial against Cornelius included, among other evidence, co-conspirator testimony, recorded telephone conversations between Cornelius and a co-conspirator, DEA agent testimony that Cornelius and a co-conspirator engaged in behavior consistent with the recorded telephone calls, and Cornelius's post-arrest statement that he was on his way to get at least twenty pounds of marijuana when he was arrested. That evidence established beyond a reasonable doubt that an illegal agreement existed to possess with intent to distribute marijuana and that Cornelius not only knew of the agreement but knowingly and voluntarily joined it.[1]

## V.

Finally, Hawkins argues for the first time on appeal that his trial counsel provided ineffective assistance. "Claims of ineffective assistance of counsel generally are not considered for the first time on direct appeal unless the record is sufficiently developed." *United States v. Le*, 256 F.3d 1229, 1241 (11th Cir. 2001). "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed

---

[1] We likewise conclude that Cornelius's claims that the two verdicts here were inconsistent, and that Canady's testimony was incredible as a matter of law, are meritless. *See United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005) (holding that testimony is not incredible as a matter of law merely because the witness has consistently lied, engaged in criminal activities, and testified with the belief that he would benefit); *United States v. Andrews*, 850 F.2d 1557, 1561 (11th Cir. 1988) (en banc) (holding that inconsistent verdicts on separate charges against a single defendant and also with respect to jointly tried co-defendants are not grounds for setting the verdicts aside).

precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

Although the transcripts of the first and second trials are included in the record on appeal, the record has not been developed precisely for the object of litigating an ineffective assistance of counsel claim. *See Id.* Accordingly, we will not address this claim on direct appeal.

For the reasons set forth above, we affirm the convictions of Hawkins and Cornelius.

**AFFIRMED.**

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit
By_____
Deputy Clerk
Atlanta, Georgia